| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>Caption in Compliance with D.N.J. LBR 9004-2(c)<br><br>**CONNELL FOLEY LLP**<br>Stephen V. Falanga (SF-6414)<br>Philip W. Allogramento III (PA-7796)<br>85 Livingston Avenue<br>Roseland, NJ 07068<br>Tel: (973) 535-0500<br>Fax: (973) 535-9217<br>*Proposed Counsel to Debtor and Debtor in Possession* | |
| In re:<br><br>G&S LIVINGSTON REALTY, INC.,<br><br>          Debtor. | Chapter 11<br><br>Bankr. Case No.: 11-31751 |

**MOTION FOR AN ORDER (I) SCHEDULING COMBINED HEARING ON ADEQUACY OF DISCLOSURE STATEMENT AND PREPETITION SOLICITATION PROCEDURES AND CONFIRMATION OF PLAN, (II) ESTABLISHING PROCEDURES FOR OBJECTING TO DISCLOSURE STATEMENT, SOLICITATION PROCEDURES, AND PLAN, (III) APPROVING FORM, MANNER, AND SUFFICIENCY OF NOTICE OF COMBINED HEARING, <u>AND (IV) GRANTING RELATED RELIEF</u>**

G&S Livingston Realty, Inc., debtor and debtor-in-possession in the above-captioned case (the "Debtor"), hereby moves (the "Motion") before the Bankruptcy Court for entry of an order under sections 105, 1126(b), and 1128 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 3017, 3018, 3020, and 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"): (a) scheduling a combined hearing (the "Combined Hearing") to consider approval of the adequacy of the Disclosure Statement ("Disclosure Statement") Relating to the Debtor's Prepackaged Plan of Reorganization under Chapter 11 of the Bankruptcy Code (the "Plan"), confirmation of the Plan, and adequacy of the solicitation procedures (the "Solicitation Procedures") utilized in connection with the prepetition

2544993-01

solicitation of votes to accept or reject the Plan, (b) establishing procedures for objecting to the Disclosure Statement, the Plan, and the Solicitation Procedures, (c) approving the form, manner, and sufficiency of notice of the Combined Hearing, and (d) granting related relief. In support of the Motion, the Debtor, by and through its undersigned counsel, respectfully represents as follows:

### Jurisdiction and Venue

1.  This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Motion is a core proceeding under 28 U.S.C. § 157(b).

2.  Venue of the above-captioned bankruptcy case (the "Case") and this Motion is proper under 28 U.S.C. §§ 1408 and 1409.

3.  The statutory predicates for the relief requested herein are sections 105, 1126(b), and 1128 of the Bankruptcy Code and Bankruptcy Rules 2002, 3003(c)(3), 3017, 3018, 3020, and 9006(c).

### Background

4.  The Debtor is a New Jersey corporation with principal offices located at 211 East 43rd Street, New York, New York. The Debtor owns of all of the land, fixtures and improvements of the Daven Avenue Shopping Center located along Route 10 in Livingston, New Jersey (the "Livingston Property"). The Debtor's primary source of income is rent derived from leasing the Livingston Property to commercial tenants.

5.  On the date hereof (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is operating its business and managing its property as a debtor in possession under sections 1107 and 1108 of the Bankruptcy Code.

6. On the Petition Date, the Debtor filed with the Court, among other things, the Plan and the Disclosure Statement.

7. The Plan is a "prepackaged" plan of reorganization. The Plan is based upon a the terms of a restructuring support agreement (the "RSA") that was which was agreed to by the Debtor and KABR Real Estate Investment Partners, LLC ("KABR"), the parent company of Essex Ten Financial, LLC ("Essex Ten"), the entity that holds a lien on all of the Debtor's real property and certain of the Debtor's personal property. In furtherance of the transactions contemplated under the Plan and RSA, Essex Ten has waived any restrictions contained in the relevant loan documents that would have prevented the Debtor from bringing this chapter 11 Case.

8. The Debtor has filed this chapter 11 Case, to seek confirmation of the Plan, which provides for the Debtor to enter into a series of transactions with KABR that will result in the full payment of its allowed unsecured claims to unaffiliated creditors and allow the Debtor to become the part owner of a new entity, Daven Avenue, LLC ("Daven Avenue"), that will own the Livingston Property free and clear of Debtor's existing secured loan obligations. Once Daven Avenue is the owner of the Livingston Property, it will then be able to renovate and transform the Livingston Property to attract a new tenant mix and contribute to a revitalization of the Route 10 commercial corridor in the Livingston area. Additionally, freed of its secured loan obligations, Daven Avenue will be able to seek new financing to assist it in its revitalization goals.

9. If the Plan is not confirmed, the Debtor believes that it will be forced to either develop an alternate plan of reorganization that will be dramatically less favorable to its unsecured creditors or to liquidate under chapter 7 or chapter 11 of the Bankruptcy Code. In

2544993-02

either event, the Debtor believes that its unsecured creditors would necessarily realize a less favorable distribution of value for their claims.

10. On July 8, 2011[1], the Debtor initiated the solicitation of persons holding claims or interests that would be impacted by the Plan. Specifically, the Debtor requested the solicitation (the "Solicitation") of acceptances of the Plan by transmitting solicitation packages to creditors and other parties in interest. Each voting package included copies of the Plan and Disclosure Statement, including all of the exhibits to both documents. In addition, each of the packages was customized to ensure that creditors and interest holders in a voting class received an appropriate form of ballot with voting instructions. The voting instructions and ballots advised parties that for a ballot to be counted, the ballot would have to be completed, signed and returned to the Debtor's proposed counsel by no later than 5:00 p.m., Eastern Time, on August 6, 2011 (the "Voting Deadline").

11. Holders of claims entitled to vote on the Plan have unanimously voted to accept the Plan and no impaired classes of claims entitled to vote rejected the Plan.

12. No additional solicitation of votes on the Plan is contemplated by the Debtor.

**RELIEF REQUESTED**

13. By this Motion, the Debtor requests entry of an order (the "Scheduling Order"), substantially in the form attached hereto as Exhibit A, (a) scheduling the Combined Hearing as soon as practicable between the dates of September 5, 2011 and September 9, 2011 to consider approval of the adequacy of the Disclosure Statement, confirmation of the Plan, and the adequacy of the Solicitation Procedures utilized in connection with the prepetition solicitation of

---

[1] On July 15, 2011, the solicitation package was sent to four additional non-voting, unimpaired unsecured creditors and one other potential party in interest who were identified subsequent to the initial Solicitation.

- 4 -

votes to accept or reject the Plan, (b) establishing procedures for objecting to the Disclosure Statement, the Plan, and the Solicitation Procedures, (c) approving the form, manner, and sufficiency of notice of the Combined Hearing and (d) granting related relief.

## BASIS FOR RELIEF REQUESTED

**A.    Scheduling of the Combined Hearing**

14.    The Bankruptcy Code authorizes the Bankruptcy Court to combine a hearing on a disclosure statement and solicitation procedures with a hearing on the confirmation of a plan of reorganization.  *See* 11 U.S.C. § 105(d)(2)(B)(vi).  The Debtor submits that such a Combined Hearing in this Chapter 11 Case would promote judicial economy and the expedient reorganization of the Debtor.

15.    The adverse effects of the chapter 11 filing upon the Debtor's business and going concern value will be minimized, and the benefit to creditors maximized, through prompt distributions and the reduction of administrative expenses of the estate, which benefits are the hallmarks of a prepackaged plan of reorganization.  Therefore, the Debtor hereby respectfully request entry of the Scheduling Order, pursuant to section 105(d)(2)(B)(vi) of the Bankruptcy Code, setting a date for the Combined Hearing at which the Court will consider (a) the adequacy of the Disclosure Statement, (b) confirmation of the Plan, and (c) approval of the Solicitation Procedures.

16.    Bankruptcy Rule 3017(a) provides that "the court shall hold a hearing on at least 28 days' notice . . . to consider the disclosure statement and any objections or modifications thereto."  Fed. R. Bankr. P. 3017(a).  Section 1128(a) of the Bankruptcy Code provides that, "[a]fter notice, the court shall hold a hearing on confirmation of a plan."  11 U.S.C. § 1128(a).  In addition, Bankruptcy Rule 3017(c) provides that "[o]n or before approval of the disclosure

- 5 -

2544993-02

statement, the court . . . may fix a date for the hearing on confirmation [of the Plan]." Fed. R. Bankr. P. 3017(c).

17. The Debtor's reorganization efforts hinge upon its ability to effectuate the Plan quickly and efficiently. The RSA requires that the Debtor reach certain milestone dates following the Petition Date or risk being in default of the same, including that: a) the Disclosure Statement be approved no later than sixty (60) days from the Petition Date and b) the Plan Effective Date occur no later than one hundred (100) days from the Petition Date. If the Debtor fails to meet these milestones, it risks losing the consent of its secured lender for this chapter 11 case. Accordingly, the Debtor requests that the Combined Hearing be held as soon as practicable between the dates of <u>September 5, 2011 and September 9, 2011</u>, but in no event later than sixty (60) days from the Petition Date. The Debtor further requests that the Scheduling Order provide that the Combined Hearing may be adjourned from time to time without further notice.

18. The Debtor submits that it is in the best interests of its estate, creditors, and other parties in interest to hold the Combined Hearing as soon as practicable, consistent with the timing requirements of Bankruptcy Rule 3017. In order to avoid frustrating the purposes of the Plan and to preserve the bargained-for recoveries in this case, it is imperative that the Debtor's time in chapter 11 be minimized. The proposed schedule affords creditors, interest holders, and all other parties in interest ample notice of the confirmation proceedings. Indeed, holders of claims in all of the impaired classes entitled to vote on the Plan received a copy of the Disclosure Statement (including the Plan as an exhibit) as part of the Solicitation well in advance of the Petition Date. In addition, holders of claims or interest that are not entitled to vote on the Plan were provided with; *inter alia*, copies of the Plan and Disclosure Statement. Therefore, no party in interest will be prejudiced by the relief requested herein.

- 6 -

2544993-02

**B.    Deadline and Procedures for Objections to Adequacy of the Disclosure Statement and/or Confirmation of the Plan**

19.    Bankruptcy Rule 2002(b) requires that all creditors be given at least twenty-eight (28) days notice by mail of the time fixed for filing objections to approval of a disclosure statement or confirmation of a plan of reorganization, subject to the discretion of the Court to reduce such time period under Bankruptcy Rule 9006(c)(1).  *See* Fed. R. Bankr. P. 2002(b).

20.    The Debtor requires at least two (2) days following entry of an order approving this Motion for the service of notice of the Combined Hearing.  As already stated, in order to meet the timeline in the RSA, the hearing to consider confirmation of the Plan must take place as soon as possible under the Bankruptcy Rules.  Accordingly, the Debtor respectfully requests that the Court schedule the Combined Hearing for a date convenient to the Court between <u>September 5, 2011 and September 9, 2011</u>, while setting the deadline to file objections to the adequacy of the Disclosure Statement, the Solicitation Procedures, or confirmation of the Plan for the date that is seven (7) days prior to the Combined Hearing (the "Objection Deadline").  The exigencies of this chapter 11 case require the expeditious effectuation of the Plan.  Moreover, the effect of shortening time, if any, is minimal, as all creditors entitled to vote have had notice of the Plan and Disclosure Statement and have already voted to accept the Plan.

21.    The Debtor further proposes that the Court direct that any objections filed with respect to the Disclosure Statement, the Solicitation Procedures and/or the Plan must (a) be in writing, (b) state the name and address of the objecting party and the nature and amount of the claim against or interest in the Debtor asserted by such party, (c) state with particularity the legal and factual basis for such objection, and (d) be filed with the Bankruptcy Court no later than 5:00 p.m. Eastern Time on the Objection Deadline and served so as to be received no later than the Objection Deadline by: (i) the Office of the United States Trustee and (ii) the proposed counsel

for the Debtor, Stephen V. Falanga, Esq., Connell Foley LLP, 85 Livingston Avenue, Roseland, New Jersey 07068.

22. The Debtor proposes that it shall file its papers in support of confirmation and a reply to any objections by no later than two (2) business days before the Combined Hearing.

**C.     Approval of Form, Manner, and Sufficiency of Notice of the Combined Hearing**

23. The Debtor proposes that within two (2) business days after the entry of the Scheduling Order, it will serve a copy of the notice of the Combined Hearing (the "Combined Hearing Notice"), substantially in the form attached hereto as Exhibit B on all of the Debtor's known creditors and equity interest holders, and all other entities required to be served under Bankruptcy Rules 2002 and 3017.

24. Among other things, the Combined Hearing Notice sets forth the date of the Combined Hearing and the deadline and procedures for objecting to the Disclosure Statement, the Solicitation Procedures, and confirmation of the Plan.

25. The Debtor believes that service of the Combined Hearing Notice to all parties in interest in the Debtor's chapter 11 case is sufficient notice of the Combined Hearing and the procedures for objecting to the adequacy of the Disclosure Statement, the Solicitation Procedures, and confirmation of the Plan.

**D.     Approval of Solicitation**

26. As described herein, the Debtor distributed the Disclosure Statement and solicited approval of the Plan prior to the commencement of the chapter 11 case. Bankruptcy Rule 3017(d) sets forth the materials that must be provided to holders of claims and equity interests for the purpose of soliciting their votes to accept or reject a plan of reorganization.

27. Bankruptcy Rule 3017(e) provides that "the court shall consider the procedures for transmitting the documents and information required by [Bankruptcy Rule 3017(d)] to

- 8 -

beneficial holders of stock, bonds, debentures, notes, and other securities, determine the adequacy of such procedures, and enter any orders as the court deems appropriate." Fed. R. Bankr. P. 3017(e).

28. As set forth herein, the Solicitation Procedures are in compliance with the Bankruptcy Rules and the Bankruptcy Code.

**E.     Approval of Voting Deadline**

29. Bankruptcy Rule 3018(b) provides that prepetition acceptances or rejections of a plan are valid only if the plan was transmitted to substantially all the holders of claims or equity interests in each solicited class and the time for voting was not unreasonably short. Fed. R. Bankr. P. 3018(b).

30. The Debtor commenced the solicitation of votes for approval of the Plan on July 8, 2011. The Debtor established 5:00 p.m. (Eastern Time) on August 6, 2011 as the Voting Deadline. The ballots stated in clear and conspicuous language that all ballots must be properly executed, completed, delivered and actually received by proposed counsel for the Debtor no later than the Voting Deadline.

31. All holders of Claims entitled to vote returned their completed ballots prior to the Voting Deadline.

32. Holders of Claims had approximately one month to vote on the Plan. The Debtor respectfully submits that each holder of a Claim entitled to vote to accept or reject the Plan had adequate time to consider the Plan and the Disclosure Statement.

**F.     Approval of Solicitation Package and Transmittal**

33. The Debtor transmitted the Solicitation Package consisting of (i) the Disclosure Statement, the Plan and all exhibits to the Plan and Disclosure Statement, (ii) Ballots (as defined

below) with instructions, and (iii) a Vote Solicitation Letter, to holders of Claims in Classes 1, and 3 on July 8, 2011.

34. Bankruptcy Rule 3017(d) requires the Debtor to transmit a form of ballot, which substantially conforms to Official Form No. 14, only to "creditors and equity security holders entitled to vote on the plan." Fed. R. Bankr. P. 3017(d).

35. The Debtor distributed to holders of claims entitled to vote one or more ballots in the forms annexed hereto as Exhibit C (collectively, the "Ballots"). The form of the Ballots is based on Official Form No. 14, but they have been modified to address the particular circumstances of this chapter 11 case and to include certain additional information that the Debtor believes to be relevant and appropriate for creditors entitled to vote to accept or reject the Plan. *See* Fed. R. Bankr. P. 3017(d).

36. The Solicitation Package was transmitted by the Debtor by overnight delivery to the record holders of Claims in Classes 1 and 3. These recipients were instructed to return their Ballots in accordance with the instructions specified on the Ballots and as described more fully below. All other holders of Claims and Equity Interests were not provided with a Solicitation Package. Such holders, who hold claims or interests in classes that are either (a) unimpaired and conclusively presumed to accept the Plan pursuant to section 1126(f) of the Bankruptcy Code or (b) deemed to be the holder of a claim that is contingent, unliquidated and/or disputed, were instead provided with a copy of the Disclosure Statement, the Plan and all and exhibits to the Plan and Disclosure Statement, accompanied by a Notice of Non-Voting Status in the form annexed as Exhibit D explaining that they were not entitled to vote on the Plan.[2]

---

[2] The transmittal of the Plan and the Disclosure Statement to holders of claims and equity interests who are presumed to accept or deemed to reject the Plan more than satisfies the requirements of
Continued on following page

**G.    Approval of Voting Tabulation Procedures**

37.    The Debtor requests that the Court approve the vote tabulation methodology utilized by the Debtor in accordance with section 1126(c) of the Bankruptcy Code and Bankruptcy Rule 3018(a).

38.    Section 1126(c) of the Bankruptcy Code provides as follows:

A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under subsection (e) of this section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designated under subsection (e) of this section, that have accepted or rejected such plan.

11 U.S.C. § 1126(c).

39.    Further, Bankruptcy Rule 3018(a) provides that the "court after notice and hearing may temporarily allow [a] claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan." Fed. R. Bankr. P. 3018(a).

40.    The Debtor did not count or consider, for any purpose in determining whether the Plan had been accepted or rejected, the following types of Ballots: (a) any Ballot that was received after the Voting Deadline (unless such deadline is extended by order of the Court, or unless the Debtor grants an extension of the Voting Deadline with respect to the holder that cast the Ballot or otherwise agreed to waive the timeliness requirement), (b) any Ballot that was illegible or contained insufficient information to permit the identification of the claimant, (c) any Ballot cast or submitted by a person or entity that did not hold a claim in a voting class, (d) any Ballot not bearing a signature on the line adjacent to the "Signature" label in the certification section of the Ballot, (e) any Ballot not marked to accept or reject the Plan, or marked both to

---

Continued from previous page
Bankruptcy Rule 3017(d).  *See* Fed. R. Bankr. P. 3017(d) (requiring transmission of court-approved disclosure statement to, *inter alia*, classes of unimpaired creditors and equity security holders).

accept and reject the Plan, (f) any form of Ballot other than the official form sent by the Debtor or a copy of such official form, or (g) any Ballot that was superseded by a properly executed duplicate ballot(s) voting the same claim prior to the Voting Deadline.

41.     The Debtor then verified the amount of claims voted by verifying that the claim amount identified by each holder corresponded to the amount of the Claim actually held by such holder. In the event such amounts differed and could not be reconciled, the Debtor tabulated such claim amounts based on the amounts of claims held by such holder as provided by the Debtor.

**H.      Transmission of Disclosure Statement to Certain Holders of Claims and Equity Interests Deemed to Have Accepted or Rejected the Plan**

42.     On July 8, 2011[3], the Debtor mailed copies of the Plan and the Disclosure Statement to holders of claims and equity interests presumed to accept or deemed to reject the Plan. *See* Fed. R. Bankr. P. 3017(d) (requiring transmission of court-approved disclosure statement to, *inter alia*, classes of unimpaired creditors and equity security holders). Because the Debtor solicited acceptances and rejections of the Plan on a prepetition basis, no disclosure statement was "approved" under Bankruptcy Rule 3017(d), and therefore Bankruptcy Rule 3017 is not applicable to the solicitation. Nevertheless, the Debtor did transmit the Plan and Disclosure Statement to creditors and interest holders that were not entitled to vote on the Plan.

**I.      The Debtor's Prepetition Solicitation Was Exempt from Registration and Disclosure Requirements Otherwise Applicable under Nonbankruptcy Law**

43.     Section 1126(b) of the Bankruptcy Code provides, in relevant part, as follows:

---

[3] On July 15, 2011, the solicitation package was sent to four additional non-voting, unimpaired unsecured creditors and one other potential party in interest who were identified subsequent to the initial Solicitation.

2544993-02

> [A] holder of a claim or interest that has accepted or rejected the plan before the commencement of the case under this title is deemed to have accepted or rejected such plan, as the case may be, if — (1) the solicitation of such acceptance or rejection was in compliance with any applicable nonbankruptcy law, rule, or regulation governing the adequacy of disclosure in connection with such solicitation; or (2) if there is not any such law, rule, or regulation, such acceptance or rejection was solicited after disclosure to such holder of adequate information, as defined in section 1125(a) of this title.

11 U.S.C. § 1126(b).

44. Pursuant to Section 1126(b), prepetition solicitation must comply with either generally applicable federal or state securities laws and regulations (including the registration and disclosure requirements thereof) or, if such laws and regulations do not apply, the solicited holders must receive "adequate information" under section 1125 of the Bankruptcy Code. See 7 COLLIER ON BANKRUPTCY ¶ 1126.03[2][d] (15th ed. rev. 2008).

45. Here, the Debtor as a private company soliciting a plan of reorganization to a limited number of creditors, respectfully submits that its prepetition solicitation is exempt from registration pursuant to section 4(2) of the Securities Act of 1933, 15 U.S.C. §§ 77a-77aa (as amended from time to time, the "Securities Act") and under state "Blue Sky" laws, or any similar rules, regulations, or statutes. Specifically, section 4(2) of the Securities Act creates an exemption from the registration requirements under the Securities Act for transactions not involving a "public offering." The Debtor believes that its prepetition solicitation does not constitute a public offering because (a) the Debtor believes that the only three individuals being offered equity in the Debtor are "Accredited Investors" as that term is used in the Securities Act by virtue of their status as current directors/officers of the Debtor and/or are otherwise possessed of sufficient net worth and/or annual income under said definition and (b) the manner in which the Debtor conducted the solicitation did not otherwise constitute a general solicitation.

46. Accordingly, the requirements of section 1126(b)(1) of the Bankruptcy Code are inapplicable to the Debtor's prepetition solicitation. As discussed more fully below, the Debtor will seek a determination from the Court at the Combined Hearing that all solicited holders received "adequate information," as defined in section 1125(a) of the Bankruptcy Code, in accordance with section 1126(b)(2) of the Bankruptcy Code.

**J.      Adequacy of the Disclosure Statement**

47. At the Combined Hearing, the Debtor will seek the Court's ruling that the prepetition solicitation complied with section 1126(b)(2) of the Bankruptcy Code because the Disclosure Statement provided adequate information within the meaning of section 1125(a)(1) of the Bankruptcy Code.

48. Section 1125 of the Bankruptcy Code defines "adequate information" as follows:

> [I]nformation of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records . . . that would enable . . . a hypothetical investor of the relevant class to make an informed judgment about the plan ….

11 U.S.C. § 1125(a)(1).

49. The Debtor submits that the Disclosure Statement contains adequate information within the meaning of the Bankruptcy Code.

50. The Disclosure Statement is extensive and comprehensive and contains descriptions and summaries of, among other things, (a) the Plan, (b) the transaction to be effected in connection with the Plan, (c) certain events preceding the commencement of the chapter 11 Cases, (d) claims asserted against the Debtor's estate, (e) risk factors affecting the Plan, (f) a liquidation analysis, (g) financial information and valuations that would be relevant to creditors' determinations of whether to accept or reject the Plan, and (h) federal income tax law consequences of the Plan.

51. Accordingly, the Debtor submits that the Disclosure Statement contains adequate information within the meaning of section 1125(a)(1) of the Bankruptcy Code and should be approved.

**K.** **Confirmation of the Plan**

52. At the Combined Hearing, the Debtor will also request that the Court confirm the Plan pursuant to section 1129 of the Bankruptcy Code. The Debtor believes that the Plan satisfies all of the requirements for confirmation under the Bankruptcy Code, and as such will request that an order confirming the Plan be entered. Prior to the Combined Hearing, the Debtor will file a brief and/or certification in support of confirmation of the Plan demonstrating that the Plan satisfies each requirement for confirmation and responding to objections to confirmation, if any. Also, prior to the Combined Hearing, the Debtor will submit to the Court a proposed form of order (a) approving the adequacy of the Disclosure Statement and prepetition Solicitation Procedures and (b) confirming the Plan.

**No Prior Request**

53. No prior request for the relief requested herein has been made to this or any other Court.

[continued on next page]

2544993-02

**WHEREFORE**, the Debtor respectfully requests this Court enter an order, substantially in the form annexed hereto as <u>Exhibit A</u>, granting the relief requested in this Motion and such other and further relief as may be just and proper.

                                    CONNELL FOLEY LLP
                                    85 Livingston Avenue
                                    Roseland, NJ  07068
                                    Telephone:  (973) 535-0500
                                    Telecopy:  (973) 535-9217
                                    *Proposed Counsel for G&S Livingston Realty, Inc.,*
                                    *Debtor and Debtor-in-Possession*

                                    By: <u>*/s/ Stephen V. Falanga*</u>
                                            Stephen V. Falanga (SF-6414)

Dated:   July 21, 2011

- 16 -

2544993-02