| |
|---|
| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY |
| Caption in Compliance with D.N.J. LBR 9004-2(c) |
| **CONNELL FOLEY LLP** <br> Stephen V. Falanga (SF-6414) <br> Philip W. Allogramento III (PA-7796) <br> 85 Livingston Avenue <br> Roseland, NJ 07068 <br> Tel: (973) 535-0500 <br> Fax: (973) 535-9217 <br> *Proposed Counsel to Debtor and Debtor in Possession* |

| | |
|---|---|
| In re: | Chapter 11 |
| G&S LIVINGSTON REALTY, INC., | Bankr. Case No.: 11-31751 |
| Debtor. | |

**APPLICATION FOR ORDER TO SHORTEN NOTICE
ON DEBTOR'S MOTION FOR AN ORDER (I) SCHEDULING COMBINED
HEARING ON ADEQUACY OF DISCLOSURE STATEMENT AND PREPETITION
SOLICITATION PROCEDURES AND CONFIRMATION OF PLAN, (II)
ESTABLISHING PROCEDURES FOR OBJECTING TO DISCLOSURE
STATEMENT, SOLICITATION PROCEDURES, AND PLAN, (III) APPROVING
FORM, MANNER, AND SUFFICIENCY OF NOTICE OF COMBINED HEARING,
AND (IV) GRANTING RELATED RELIEF**

G&S Livingston Realty, Inc., debtor and debtor-in-possession in the above-captioned case (the "Debtor"), as and for its Application for an Order To Shorten Notice (the "Application To Shorten Notice") to be heard on the motion (the "Motion") before the Bankruptcy Court for entry of an order under sections 105, 1126(b), and 1128 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 3017, 3018, 3020, and 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"): (a) scheduling a combined hearing (the "Combined Hearing") to consider approval of the adequacy of the Disclosure Statement ("Disclosure Statement") Relating to the Debtor's Prepackaged Plan of Reorganization under Chapter 11 of the Bankruptcy Code (the

"Plan"), confirmation of the Plan, and adequacy of the solicitation procedures (the "Solicitation Procedures") utilized in connection with the prepetition solicitation of votes to accept or reject the Plan, (b) establishing procedures for objecting to the Disclosure Statement, the Plan, and the Solicitation Procedures, (c) approving the form, manner, and sufficiency of notice of the Combined Hearing and the Bar Dates, and (d) granting related relief, respectfully represents to the Court as follows:

1. On the date hereof (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is operating its business and managing its property as a debtor in possession under sections 1107 and 1108 of the Bankruptcy Code.

2. On the Petition Date, the Debtor filed with the Court, among other things, the Plan and the Disclosure Statement.

3. The Plan is a "prepackaged" plan of reorganization. The Plan is based upon a the terms of a restructuring support agreement (the "RSA") that was which was agreed to by the Debtor and KABR Real Estate Investment Partners, LLC ("KABR"), the parent company of Essex Ten Financial, LLC ("Essex Ten"), the entity that holds a lien on all of the Debtor's real property and certain of the Debtor's personal property.

4. Prior to the Petition Date, on July 8, 2011[1], the Debtor initiated the solicitation of persons holding claims or interests that would be impacted by the Plan. Specifically, the Debtor requested the solicitation (the "Solicitation") of acceptances of the Plan by transmitting solicitation packages to creditors and other parties in interest. Each solicitation package included copies of the Plan and Disclosure Statement,

---

[1] On July 15, 2011, the solicitation package was sent to four additional non-voting, unimpaired unsecured creditors and one other potential party in interest who were identified subsequent to the initial Solicitation.

2

including all of the exhibits to both documents. In addition, each of the solicitation packages was customized to ensure that creditors and interest holders in a voting class received an appropriate form of ballot with voting instructions. The voting instructions and ballots advised parties that for a ballot to be counted, the ballot would have to be completed, signed and returned to the Debtor's proposed counsel by no later than 5:00 p.m., Eastern Time, on August 6, 2011 (the "Voting Deadline"). As of this date, holders of claims entitled to vote on the Plan have unanimously voted to accept the Plan and no impaired classes of claims entitled to vote rejected the Plan.

5. The RSA requires that the Debtor reach certain milestone dates following the Petition Date or risk being in default of the same, including that: a) the Disclosure Statement be approved no later than sixty (60) days from the Petition Date and b) the Plan Effective Date occur no later than one hundred (100) days from the Petition Date. If the Debtor fails to meet these milestones, it risks losing the consent of its secured lender for this chapter 11 case.

6. Absent the Court entering an Order shortening the notice required for a hearing to consider the Motion, wherein it is requested that, *inter alia*, the Court set a combined hearing to consider the approval of the Plan and Disclosure Statement, the Debtor believes that it will not be possible to timely meet all of milestone dates set forth in the RSA.

7. Given the advanced notice of the Debtor's Plan and Disclosure Statement that has been provided to the Debtor's creditors and other parties-in-interest by way of the to the pre-Petition solicitation of voting packages and in light of the relatively minor time by which the Debtor proposes to shorten notice on the Motion, the Debtor does not believe that granting the requested relief will be detrimental to the rights of any creditor

3

2556460-01

or party-in-interest in this case. Additionally, because no novel or complex issues of law are raised by the Motion, a reduction in the notice period will not unfairly prejudice any party-in-interest, nor will it hamper the Court's consideration of the Motion.

8. In light of the nature of the relief requested and the Debtor's need to comply with the milestone dates set forth in the RSA, the Debtor believes it is essential that the motion is heard on shortened notice. Accordingly, it is respectfully submitted that the foregoing facts establish cause for shortening notice for the Motion to be heard, and that the Court enter an Order permitting the hearing to consider the Motion be set for <u>either August 8, 2011 or August 10, 2011</u>.

9. Alternatively, should the Court not approve of the Motion being heard on either August 8, 2011 or August 10, 2011, the Debtor respectfully requests that the Court set the hearing for the Motion as soon as is reasonably possible after those dates.

10. The reduction of the time period in question is not prohibited under Federal Rule of Bankruptcy Procedure 9006(c)(1) and the rules listed therein.

WHEREFORE, the Debtor respectfully requests entry of the Order submitted herewith shortening notice for hearing on the Motion.

          CONNELL FOLEY LLP
          85 Livingston Avenue
          Roseland, NJ 07068
          Telephone: (973) 535-0500
          Telecopy: (973) 535-9217
          *Proposed Counsel for G&S Livingston Realty, Inc.,*
          *Debtor and Debtor-in-Possession*

          By: */s/ Stephen V. Falanga*
              Stephen V. Falanga (SF-6414)

Dated: July 21, 2011