| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY |
|---|
| Caption in Compliance with D.N.J. LBR 9004-2(c)<br><br>**CONNELL FOLEY LLP**<br>Stephen V. Falanga (SF-6414)<br>Philip W. Allogramento III (PA-7796)<br>85 Livingston Avenue<br>Roseland, NJ 07068<br>Tel: (973) 535-0500<br>Fax: (973) 535-9217<br>*Counsel to Debtor and Debtor-in-Possession* |

FILED
JAMES J. WALDRON, CLERK
SEP 1 4 2011
U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY _____ DEPUTY

In re:                                  Chapter 11

G&S LIVINGSTON REALTY, INC.,            Bankr. Case No.: 11-31751 (MS)

                    Debtor.             Hearing Date: September 14, 2011

**ORDER (I) APPROVING DISCLOSURE STATEMENT, (II) APPROVING THE
PREPETITION SOLICITATION PROCEDURES RELATED TO THE
DEBTOR'S PREPACKAGED PLAN OF REORGANIZATION AND
DISCLOSURE STATEMENT, AND (III) CONFIRMING THE DEBTOR'S
PREPACKAGED PLAN OF REORGANIZATION**

The relief set forth on the following pages, numbered two (2) through twelve (12), is hereby **ORDERED**.

9/14/11

(Page 2)
Debtor: G&S Livingston Realty, Inc.
Bankr. Case No: 11-31751 (MS)
Caption of Order: Order (I) Approving Disclosure Statement, (II) Approving the Prepetition Solicitation Procedures Related to the Debtor's Prepackaged Plan of Reorganization, and (III) Confirming the Debtor's Prepackaged Plan of Reorganization

---

THIS MATTER having been opened to the Court by Connell Foley LLP, attorneys for the debtor and debtor-in-possession in the above-captioned chapter 11 bankruptcy case, G&S Livingston Realty, Inc. (hereinafter the "Debtor"), upon the filing by the Debtor of its Prepackaged Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated July 1, 2011, filed with the Court on July 21, 2011 (Docket No. 4) and attached hereto as **Exhibit A** (the "Plan")[1]; and the Debtor having filed a Motion on July 21, 2011 (Docket No. 6) (the "Motion") pursuant to Bankruptcy Code section 105(d)(2)(B)(vi) seeking a combined hearing (the "Combined Hearing") with respect to approval of the Disclosure Statement in connection with the Plan, dated July 1, 2011 and filed with the Court on July 21, 2011 (Docket No. 5), the solicitation procedures (the "Solicitation Procedures") utilized in connection with the Debtor's prepetition solicitation of votes to accept or reject the Plan, and confirmation of Plan; and the Court having entered an Order on August 10, 2011 (Docket No. 30) (the "Combined Hearing Order") granting the Motion and setting a Combined Hearing date of September 14, 2011; and due notice of the Combined Hearing having been given to all of the known Creditors, Equity

---

[1] Unless otherwise specified, capitalized terms and phrases used herein have the meanings assigned to them in the Plan. The rules of interpretation set forth in the Plan will apply to these Findings of Fact, Conclusions of Law and Order (the "Confirmation Order"). Unless otherwise noted, references to "section __" are to sections of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and references to "Rule __" are to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In addition, in accordance with the Plan, any term used in the Plan or this Confirmation Order that is not defined in the Plan or this Confirmation Order, but that is used in the Bankruptcy Code or the Bankruptcy Rules, will have the meaning assigned to that term in the Bankruptcy Code or the Bankruptcy Rules. Finally, if there is any direct conflict between the terms of the Plan and the terms of this Confirmation Order, the terms of this Confirmation Order will control.

(Page 3)
Debtor: G&S Livingston Realty, Inc.
Bankr. Case No: 11-31751 (MS)
Caption of Order: Order (I) Approving Disclosure Statement, (II) Approving the Prepetition Solicitation Procedures Related to the Debtor's Prepackaged Plan of Reorganization, and (III) Confirming the Debtor's Prepackaged Plan of Reorganization

---

Interest Holders, and all other entities required to be served under the Bankruptcy Rules as set forth in the Combined Hearing Order; and the Court having reviewed the Plan, the Disclosure Statement and all Exhibits thereto and considered the Certification in Support of Confirmation (Docket No. 78) and the Certification of Balloting pursuant to LBR 3018-2, (Docket No. 79), both filed September 12, 2011, and all other evidence adduced and arguments of counsel made at the Combined Hearing; and upon the entire record of the case properly before the Court, after due deliberation, adequate notice and sufficient cause appearing therefore, the Court hereby makes the following findings of fact and conclusions of law, with respect to approval of the Disclosure Statement, approval of the Solicitation Procedures and confirmation of the Plan:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A. **Commencement of Case.** The Debtor filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code on July 21, 1011 (the "Filing Date").

B. **Jurisdiction; Venue; Core Proceeding (28 U.S.C. §§ 157 and 1334(a)).** The Court has jurisdiction over the Debtor's chapter 11 case pursuant to 28 U.S.C. §§ 157 and 1334. Approval of the Disclosure Statement, the Solicitation Procedures and Confirmation of the Plan are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(A), (L) and (O). Venue of the Debtor's bankruptcy case in this Court was proper as of the Petition Date and continues to be property pursuant to 28 U.S.C. §§ 1408 and 1409.

(Page 4)
Debtor:            G&S Livingston Realty, Inc.
Bankr. Case No:    11-31751 (MS)
Caption of Order:  Order (I) Approving Disclosure Statement, (II) Approving the Prepetition Solicitation Procedures Related to the Debtor's Prepackaged Plan of Reorganization, and (III) Confirming the Debtor's Prepackaged Plan of Reorganization

---

### C.     The Solicitation Procedures

1.     The Solicitation Procedures through which the Debtor transmitted the Disclosure Statement, the Plan and solicitation packages and Ballots to solicit votes to accept or reject the Plan were proper, adequate and sufficient and the votes were tabulated fairly, in good faith, and in a manner consistent with applicable non-bankruptcy law, the Bankruptcy Code and the Bankruptcy Rules. The Ballots are sufficiently consistent with Official Form No. 14 and are appropriate for the classes of claims entitled to vote under the Plan to vote to accept or reject the Plan.

2.     As established through the Certification of Service, sworn to on August 12, 2011, and filed on August 12, 2011 [Docket No. 39], the Debtor provided good and sufficient notice of the Combined Hearing and the deadline for filing and serving objections to the Plan and Disclosure Statement.

### D.     The Disclosure Statement

1.     The Disclosure Statement transmitted with the Plan by the Debtor to its Creditors, Equity Interest Holders and other parties-in-interest contains adequate information within the meaning of § 1125 of the Bankruptcy Code.

### E.     The Plan

1.     The Plan complies with the all applicable provisions of the Bankruptcy Code as required by § 1129(a)(1), including without limitation §§ 1122 and 1123 of the Bankruptcy Code.

(Page 5)
Debtor:            G&S Livingston Realty, Inc.
Bankr. Case No:    11-31751 (MS)
Caption of Order:  Order (I) Approving Disclosure Statement, (II) Approving the Prepetition Solicitation Procedures Related to the Debtor's Prepackaged Plan of Reorganization, and (III) Confirming the Debtor's Prepackaged Plan of Reorganization

---

2. The Debtor, as plan proponent, complies with all applicable provisions of the Bankruptcy Code as required by § 1129(a)(2), including without limitation §§ 1125 and 1126 of the Bankruptcy Code and Bankruptcy Rules 3017 and 3018. The Debtor and its respective officers, directors, employees, members and professionals, acting in such capacity, have acted in "good faith" within the meaning of § 1125(e) of the Bankruptcy Code.

3. The Plan has been proposed in good faith and not by any means forbidden by law as required by § 1129(a)(3);

4. In accordance with § 1129(a)(4) of the Bankruptcy Code, no payment for services or costs and expenses in, or in connection with, the case, or in connection with the Plan and incident to the case, has been or will be made by the Debtor or by a person issuing securities or acquiring property under the Plan other than payments that have been authorized by the Court.

5. In accordance with § 1129(a)(5) of the Bankruptcy Code, the Debtor has disclosed: 1) the identity and affiliations of any individual proposed to serve, after confirmation of the Plan, as a director, officer, or voting trustee of the Debtor under the Plan; and the appointment to, or continuance in, such office of such individual, is consistent with the interest of creditors and equity security holders and with public policy; and 2) the identity of any insider that will be employed or retained by the reorganized Debtor, and the nature of any compensation for such insider.

6. Section 1129(a)(6) of the Bankruptcy Code is not applicable to the Debtor's Plan.

(Page 6)
Debtor:            G&S Livingston Realty, Inc.
Bankr. Case No:    11-31751 (MS)
Caption of Order:  Order (I) Approving Disclosure Statement, (II) Approving the Prepetition Solicitation Procedures Related to the Debtor's Prepackaged Plan of Reorganization, and (III) Confirming the Debtor's Prepackaged Plan of Reorganization

---

7.  In accordance with § 1129(a)(7) of the Bankruptcy Code, with respect to each Impaired Class of Claims or Equity Interests, each holder of a Claim or Equity Interest in such Class has accepted the Plan.

8.  In accordance with § 1129(a)(8) of the Bankruptcy Code, with respect to each Class, such class has accepted the Plan, or such Class is not impaired under the Plan.

9.  In accordance with § 1129(a)(9) of the Bankruptcy Code, the Plan provides for treatment of Administrative Claims, Priority Tax Claims and Priority Non-Tax Claims as required by 1129(2)(9) of the Bankruptcy Code;

10. In accordance with § 1129(a)(10) of the Bankruptcy Code, at least one Class of impaired Claims has accepted the Plan, determined without including the acceptance of the Plan by an insider holding a Claim of such Class.

11. In accordance with § 1129(a)(11) of the Bankruptcy Code, confirmation of the Plan is not likely to be followed by the liquidation, or the need for further reorganization, of the Debtor or any successor to the Debtor under the Plan.

12. In accordance with § 1129(a)(12) of the Bankruptcy Code, all fees payable under 28 U.S.C. 1930 have been paid or the Plan provides for the payment of all such fees on the Effective Date.

13. Section 1129(a)(13), (a)(14), (a)(15) and (a)(16) of the Bankruptcy Code are not applicable to the Debtor's Plan.

(Page 7)
Debtor:            G&S Livingston Realty, Inc.
Bankr. Case No:    11-31751 (MS)
Caption of Order:  Order (I) Approving Disclosure Statement, (II) Approving the Prepetition Solicitation Procedures Related to the Debtor's Prepackaged Plan of Reorganization, and (III) Confirming the Debtor's Prepackaged Plan of Reorganization

---

14. The Debtor's transfer of the Livingston Property and the related transactions under the Plan are contemplated in and facilitate the implementation of the Plan and are necessary to the consummation of the Plan and the funding of distributions thereunder and, accordingly, for purposes of § 1146(a) of the Bankruptcy Code, the transfer of the Livingston Property may not be taxed under any law imposing a stamp tax or similar tax.

**NOW, THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

A. **APPROVAL OF THE DISCLOSURE STATEMENT**

1. The Disclosure Statement be and hereby is approved in accordance with § 1125 of the Bankruptcy Code

B. **APPROVAL OF THE SOLICITATION PROCESS**

1. The Solicitation Procedures and the Ballots utilized by the Debtor in connection with its prepetition solicitation of the Plan be and hereby are approved in all respects.

C. **CONFIRMATION OF THE PLAN**

1. The Plan, a copy of which is attached hereto as <u>Exhibit A</u> and the terms of which are incorporated herein, and each of the provisions of the Plan, as modified by this Confirmation Order, is hereby **CONFIRMED** pursuant to section 1129 of the Bankruptcy Code and, pursuant to § 1142, the Debtor, KABR, Essex Ten, and Daven Avenue be and are hereby authorized and directed to take all actions necessary or appropriate to enter into, implement and consummate the Plan, including without limitation consummating the transactions contemplated by the Plan, and

(Page 8)
Debtor: G&S Livingston Realty, Inc.
Bankr. Case No: 11-31751 (MS)
Caption of Order: Order (I) Approving Disclosure Statement, (II) Approving the Prepetition Solicitation Procedures Related to the Debtor's Prepackaged Plan of Reorganization, and (III) Confirming the Debtor's Prepackaged Plan of Reorganization

---

to take such other steps and perform such other acts as may be necessary to implement and effectuate the Plan, and are further authorized and directed to execute and deliver any instrument and perform any other act that is necessary for the consummation of the Plan in accordance with section 1142(b) of the Bankruptcy Code.

2. <u>CVS Claim</u>. The counterclaim asserted by CVS Pharmacy, Inc. ("<u>CVS</u>") against the Debtor in the CVS Litigation for which CVS has filed Proof of Claim No. 2 ("<u>CVS Proof of Claim</u>") in the Case is a Disputed Claim that, if Allowed, is a General Unsecured Claim that shall be treated under Class 2 of the Plan. In accordance with the Stipulation and Consent Order Granting Conditional Relief from the Automatic Stay filed on August 10, 2011 [Docket No. 34], the Debtor (and Daven Avenue upon assignment of the CVS Claim pursuant to the Plan) and CVS shall be permitted to prosecute and defend the CVS Claim and the CVS Proof of Claim in the CVS Litigation pending in the United States District Court for the District of New Jersey, Civil Action No.: 10-303 (SDW/MCA), settle the CVS Claim and the CVS Proof of Claim without further Court approval or notice to parties in interest, and to take such actions as are necessary or appropriate to exercise their rights of appeal, until such rights have been exhausted and a final judgment is entered in the CVS Litigation, which final judgment shall be deemed a Final Order under the terms of the Plan. The requirement of Local Bankruptcy Rule 3007-1 for the Debtor to file a motion objecting to the CVS Proof of Claim is waived, the CVS Proof of Claim be and is hereby deemed objected to by the Debtor and the allowance of the CVS Proof of Claim, if any, shall be determined in connection with the CVS Litigation in the District Court. In

(Page 9)
Debtor: G&S Livingston Realty, Inc.
Bankr. Case No: 11-31751 (MS)
Caption of Order: Order (I) Approving Disclosure Statement, (II) Approving the Prepetition Solicitation Procedures Related to the Debtor's Prepackaged Plan of Reorganization, and (III) Confirming the Debtor's Prepackaged Plan of Reorganization

---

the event CVS is entitled to interest on account of the CVS Proof of Claim, the amount of interest if and when awarded in the CVS Litigation shall be included in the amount of CVS' General Unsecured Claim. To the extent that the Debtor seeks to remove the CVS Litigation to the Bankruptcy Court, nothing contained in the Plan or the Confirmation Order shall impact CVS' right to oppose removal of the CVS Litigation. Notwithstanding anything in the Plan or the Confirmation Order to the contrary, the cash placed in the Disputed Claims Reserve shall be used only to pay Disputed Claims that become Allowed Claims; provided, however, after a Disputed Claim has been resolved and paid or disallowed by a Final Order, the cash remaining in the Disputed Claims Reserve, if any, that was allocated to that particular Disputed Claim shall be released and transferred to the Reorganized Debtor.

3. On the Effective Date, and pursuant to the terms of the Plan, each of the Assumed Contracts shall be assumed as obligations of the Reorganized Debtor and the Solar Power Agreement between SRMB LLC and the Debtor shall be assigned to Daven Avenue.

4. Except as otherwise provided in the Plan or in the RSA, on the Effective Date, all mortgages, deeds of trust, liens or other security interests against any of the assets transferred pursuant to the Plan will be fully released, satisfied and discharged, and all right, title and interest of any holder of such mortgages, deeds of trust, liens or other security interests will revert to the Debtor. The transfer of assets and the revesting of assets provided for herein and in the Plan shall constitute legal and valid transfers in accordance with all applicable laws and regulations.

(Page 10)
Debtor: G&S Livingston Realty, Inc.
Bankr. Case No: 11-31751 (MS)
Caption of Order: Order (I) Approving Disclosure Statement, (II) Approving the Prepetition Solicitation Procedures Related to the Debtor's Prepackaged Plan of Reorganization, and (III) Confirming the Debtor's Prepackaged Plan of Reorganization

---

5. In accordance with 11 U.S.C. § 1146, the transfer of the Debtor's Livingston Property and any other property in accordance with the Plan shall not be subject to the imposition of a stamp or similar tax on the issuance, transfer, or exchange of a security or making or delivery of an instrument of transfer under the Plan.

6. The releases and injunctions set forth in, and subject to the limitations contained in, the Plan are hereby approved as fair, equitable, reasonable and in the best interests of the Debtor, its Estate, and creditors. All entities who have held, hold, or may hold Claims against the Debtor, are hereby permanently enjoined and restrained, on and after the Confirmation Date, from (A) commencing or continuing in any manner any action or other proceeding of any kind with respect to any such Claim, (B) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or Order against the Debtor on account of any such Claim, (C) creating, perfecting or enforcing any encumbrance of any kind against the Debtor or against the property or interests in property of the Debtor on account of any such Claim and (D) asserting any right of setoff, subrogation or recoupment of any kind against any obligation due from the Debtor or against the property or interests in property of the Debtor on account of any such Claim. This injunction shall extend for the benefit of any successors of the Debtor, and to any property and interests in property subject to the Plan.

7. Neither the Debtor nor its officers, nor directors, nor the Disbursing Agent, nor any of the Chapter 11 Professionals, shall have or incur any liability to any holder of a Claim or Interest, or any other party-in-interest, Person or Entity or any of their respective agents,

(Page 11)
Debtor: G&S Livingston Realty, Inc.
Bankr. Case No: 11-31751 (MS)
Caption of Order: Order (I) Approving Disclosure Statement, (II) Approving the Prepetition Solicitation Procedures Related to the Debtor's Prepackaged Plan of Reorganization, and (III) Confirming the Debtor's Prepackaged Plan of Reorganization

---

employees, representatives, financial advisors, attorneys, affiliates or any of their successors or assigns, for any act or omission occurring after the Petition Date and in connection with, relating to, or arising out of the Chapter 11 Case, formulation, negotiation or implementation of the Plan, solicitation of acceptances of the Plan, the pursuit of Confirmation of the Plan, the consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan except for their bad faith, willful malfeasance, reckless disregard of duty, gross negligence, willful fraud, willful misconduct, self-dealing or breach of fiduciary duty as determined by a Final Order of the Bankruptcy Court.

8. Except as is expressly set forth herein, this Confirmation Order shall not be construed as a determination of the Federal or State income tax consequences of the confirmation of the Plan or the transactions contemplated therein.

9. Except as explicitly stated in the Plan or in this Confirmation Order, nothing contained in the Plan or this Confirmation Order shall be deemed to be a waiver or relinquishment of any right, claim, causes of action, right of setoff, or any other legal or equitable defense that the Debtor may have as of the Effective Date and that the Debtor may choose to assert on behalf of the Estate, all of which are expressly reserved hereby.

10. If there is any direct conflict between the terms of the Plan and the terms of this Confirmation Order, the terms of this, Confirmation Order will control to the extent of such conflict. The provisions of the Confirmation Order are integrated with each other and are non-

(Page 12)
Debtor: G&S Livingston Realty, Inc.
Bankr. Case No: 11-31751 (MS)
Caption of Order: Order (I) Approving Disclosure Statement, (II) Approving the Prepetition Solicitation Procedures Related to the Debtor's Prepackaged Plan of Reorganization, and (III) Confirming the Debtor's Prepackaged Plan of Reorganization

---

severable and mutually dependent unless expressly stated otherwise by further order of this Court.

11. The Court shall retain jurisdiction of this case and any matter related to the case after the Effective Date as is legally permissible including jurisdiction over matters set forth in Article IV of the Plan.

12. All Professionals whose compensation is subject to Court approval shall file and serve final fee applications within ninety (90) days of the date of entry of this Confirmation Order.

13. This Confirmation Order shall be effective upon the date of its entry and the requirement set forth in Bankruptcy Rule 3020(e) is hereby waived.